(Official Form 1) (12/03)

| FORM B1 | United States Bankruptcy Court<br>District of Maryland | Voluntary Petition |
|---|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Tapp, Sr., Chester Lee** | Name of Joint Debtor (Spouse)(Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 6 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 6 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No.<br>(if more than one, state all):<br>**1038** | Last four digits of Soc. Sec. No. / Complete EIN or other Tax I.D. No. (if more than one, state all): |
| Street Address of Debtor (No. & Street, City, State & Zip Code):<br>**10103 Prince Place, #304**<br>**Upper Marlboro, MD 20774** | Street Address of Joint Debtor (No. & Street, City, State & Zip Code): |
| County of Residence or of the<br>Principal Place of Business:   **Prince George's** | County of Residence or of the<br>Principal Place of Business: |
| Mailing Address of Debtor (if different from street address): | Mailing Address of Joint Debtor (if different from street address): |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

## Information Regarding the Debtor (Check the Applicable Boxes)

**Venue** (Check any applicable box)

- ☑ Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.
- ☐ There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

**Type of Debtor** (Check all boxes that apply)

- ☑ Individual(s)
- ☐ Corporation
- ☐ Partnership
- ☐ Other _____
- ☐ Railroad
- ☐ Stockbroker
- ☐ Commodity Broker
- ☐ Clearing Bank

**Chapter or Section of Bankruptcy Code Under Which the Petition is Filed** (Check one box)

- ☑ Chapter 7
- ☐ Chapter 9
- ☐ Chapter 11
- ☐ Chapter 12
- ☐ Chapter 13
- ☐ Sec. 304 - Case ancillary to foreign proceeding

**Nature of Debts** (Check one box)

- ☑ Consumer/Non-Business
- ☐ Business

**Chapter 11 Small Business** (Check all boxes that apply)

- ☐ Debtor is a small business as defined in 11 U.S.C. § 101
- ☐ Debtor is and elects to be considered a small business under 11 U.S.C. § 1121(e) (Optional)

**Filing Fee** (Check one box)

- ☑ Full Filing Fee Attached
- ☐ Filing Fee to be paid in installments (Applicable to individuals only) Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b).  See Official Form No. 3.

**Statistical/Administrative Information**  (Estimates only)

- ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.
- ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors.

THIS SPACE IS FOR COURT USE ONLY

| Estimated Number of Creditors | 1-15 | 16-49 | 50-99 | 100-199 | 200-999 | 1000-over |
|---|---|---|---|---|---|---|
| | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Assets | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ |

| Estimated Debts | | | | | | | |
|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | More than $100 million |
| ☐ | ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ |

**(Official Form 1) (12/03)**                                                                FORM B1, Page 2

| **Voluntary Petition** <br> *(This page must be completed and filed in every case)* | Name of Debtor(s): **Chester Lee Tapp, Sr.** |
|---|---|

| **Prior Bankruptcy Case Filed Within Last 6 Years (If more than one, attach additional sheet)** | | |
|---|---|---|
| Location <br> Where Filed:    **NONE** | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner or Affiliate of this Debtor (If more than one, attach additional sheet)** | | |
|---|---|---|
| Name of Debtor: <br> **NONE** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

## Signatures

### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **s/ Chester Lee Tapp, Sr.**
_____
Signature of Debtor

X  **Not Applicable**
_____
Signature of Joint Debtor

_____
Telephone Number (If not represented by attorney)

**10/14/2005**
_____
Date

### Signature of Attorney

X  **/s/ Gregory P. Johnson**
_____
Signature of Attorney for Debtor(s)

**Gregory P. Johnson, Esquire,  097497**
_____
Printed Name of Attorney for Debtor(s) / Bar No.

**Orem & Johnson, LLC**
_____
Firm Name

**7237 Hanover Parkway, Suite C  Greenbelt, MD 20770-3602**
_____
Address

_____

**301-614-9725**                                 **301-614-3309**
_____
Telephone Number

**10/14/2005**
_____
Date

### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.
The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  **Not Applicable**
_____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

### Exhibit A

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11)

☐  Exhibit A is attached and made a part of this petition.

### Exhibit B

(To be completed if debtor is an individual whose debts are primarily consumer debts)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter.

X  **/s/ Gregory P. Johnson**               **10/14/2005**
_____
Signature of Attorney for Debtor(s)                 Date

### Exhibit C

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No

### Signature of Non-Attorney Petition Preparer

I certify that I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110, that I prepared this document for compensation, and that I have provided the debtor with a copy of this document.

**Not Applicable**
_____
Printed Name of Bankruptcy Petition Preparer

_____
Social Security Number (Required by 11 U.S.C. § 110(c).)

_____
Address

_____

Names and Social Security numbers of all other individuals who prepared or assisted in preparing this document:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

X  **Not Applicable**
_____
Signature of Bankruptcy Petition Preparer

_____
Date

A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.

Form B6
(6/90)

# United States Bankruptcy Court
# District of Maryland

In re   **Chester Lee Tapp, Sr.**

Case No.

Chapter     **7**

# SUMMARY OF SCHEDULES

AMOUNTS SCHEDULED

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | YES | 2 | $ 131.000.00 | | |
| B - Personal Property | YES | 3 | $ 13,100.56 | | |
| C - Property Claimed as Exempt | YES | 1 | | | |
| D - Creditors Holding Secured Claims | YES | 3 | | $ 382.343.42 | |
| E - Creditors Holding Unsecured Priority Claims | YES | 2 | | $ 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | YES | 2 | | $ 202.995.92 | |
| G - Executory Contracts and Unexpired Leases | YES | 1 | | | |
| H - Codebtors | YES | 1 | | | |
| I - Current Income of Individual Debtor(s) | YES | 2 | | | $ 2,992.66 |
| J - Current Expenditures of Individual Debtor(s) | YES | 1 | | | $ 2,632.32 |
| Total Number of sheets in ALL Schedules ➤ | | 18 | | | |
| Total Assets ➤ | | | $ 144,100.56 | | |
| Total Liabilities ➤ | | | | $ 585,339.34 | |

FORM B6A
(6/90)

In re:  **Chester Lee Tapp, Sr.**            ,    **Case No.** _____

               **Debtor**                                               **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **10103 Prince Place, #304 Largo, MD 20774**<br><br>**One brdroom condo Purchased 11/13/98 for $53,000.00. Derron Tapp, son, added to title 1/13/2005.** | **Co-Owner** | J | **$ 120,000.00** | **$ 49,473.00** |
| **2510 Druid Hill Baltimore, MD 21217 Investment property Property is boarded up and unoccupied.  The mortgage lender elected to sue on the note, obtaining a judgment on  8/20/02 for $86,813.69 plus interest and costs.**<br><br>**Tax Assessment value is $3,000.00.** | **Fee Owner** | | **$   3,000.00** | **$ 88,000.00** |
| **504 Robert Street Baltimore, MD 21217 Investment Property The structure was torn down by the city.**<br><br>**Tax assessment value is $1,000.00.** | **Fee Owner** | | **$   1,000.00** | **$ 32,071.50** |
| **511 Robert Street Baltimore, MD 21217 Investment Property The structure was torn down by the city.**<br><br>**Tax assessment value is $1,000.00.** | **Fee Owner** | | **$   1,000.00** | **$ 36,127.21** |
| **519 Robert Street Baltimore, MD Investment Property Structure was torn down by Baltimore City.**<br><br>**Tax assessment value is $1,000.00.** | **Fee Owner** | | **$   1,000.00** | **$ 25,000.00** |

In re: __**Chester Lee Tapp, Sr.**_____ , Case No. _____
              **Debtor**                                                    **(If known)**

# SCHEDULE A - REAL PROPERTY

| DESCRIPTION AND LOCATION OF PROPERTY | NATURE OF DEBTOR'S INTEREST IN PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION | AMOUNT OF SECURED CLAIM |
|---|---|---|---|---|
| **525 Robert Street Baltimore, MD 21217 Investment Property Structure was torn down by the city.**<br><br>**Tax assessment value is $1,000.00.** | **Fee Owner** | | **$  1,000.00** | **$ 36,127.21** |
| **527 Robert Street Baltimore, MD Investment Property The structure was torn down by the city.**<br><br>**The tax assessment value is $1,000.00.** | **Fee Owner** | | **$  1,000.00** | **$ 30,000.00** |
| **537 Robert Street Baltimore, MD Investment Property The structure was torn down by the city.  An order was entered on 3/30/2005 in favor of the City of Baltimore, foreclosing the right of redemption from a tax sale of the property.**<br><br>**The tax assessment value  is $3,000.00.** | **Fee Owner** | | **$  3,000.00** | **$ 29,000.00** |
| | Total ➢ | | **$ 131,000.00** | |

(Report also on Summary of Schedules.)

FORM B6B
(10/89)

In re   **Chester Lee Tapp, Sr.** _____ '   Case No. _____
            **Debtor**                                                                                   **(If known)**

# SCHEDULE B - PERSONAL PROPERTY

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 1. Cash on hand | | **Cash** | | **100.00** |
| 2. Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Bank of America Checking Account** | | **2,000.00** |
| 3. Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. Household goods and furnishings, including audio, video, and computer equipment. | | **LIVING ROOM - 1 couch, 2 chairs, 2 lamps, 1 stereo, 3 tables, 2 TV**<br><br>**DINING ROOM - 1 table, 4 chairs**<br><br>**KITCHEN - cooking & eating utencils**<br><br>**BEDROOM - 1 bed, 1 ch/drwr, 1 lamp, 1 dresser** | | **500.00** |
| 5. Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. Wearing apparel. | | **8 suits, 15 shirts, 10 prs/pants, 5 sweaters, 10 prs/shoes, 3 coats** | | **250.00** |
| 7. Furs and jewelry. | X | | | |
| 8. Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | **Term Insurance Policy**<br>**$25,000.00 death benefit** | | **0.00** |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Itemize. | | **Univ of Md Retirement**<br>**Debtor to retire 12/2005**<br>**$389/mo is projected benefit** | | **4,850.56** |
| 12. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |

FORM B6B
(10/89)

In re    **Chester Lee Tapp, Sr.** _____ ,    Case No. _____

 _____Debtor_____ _____(If known)_____

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITHOUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 13. Interests in partnerships or joint ventures.  Itemize. | X | | | |
| 14. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 15. Accounts receivable. | X | | | |
| 16. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled.  Give particulars. | X | | | |
| 17. Other liquidated debts owing debtor including tax refunds.  Give particulars. | | **Projected Federal & MD tax refund based upon $1,700.00 received for 2004 tax year.** | | **1,700.00** |
| 18. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule of Real Property. | X | | | |
| 19. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 20. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims.  Give estimated value of each. | X | | | |
| 21. Patents, copyrights, and other intellectual property.  Give particulars. | X | | | |
| 22. Licenses, franchises, and other general intangibles.  Give particulars. | X | | | |
| 23. Automobiles, trucks, trailers, and other vehicles and accessories. | | **1980 Chevy Pickup**<br>**Purch 1/2000 for $500.00** | | **500.00** |
| | | **1993 Lexus SC300**<br>**130,000 miles**<br>**No liens** | | **3,200.00** |
| 24. Boats, motors, and accessories. | X | | | |
| 25. Aircraft and accessories. | X | | | |

FORM B6B
(10/89)

In re  **Chester Lee Tapp, Sr.**                                      Case No. _____
                        **Debtor**                                                              **(If known)**

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| TYPE OF PROPERTY | NONE | DESCRIPTION AND LOCATION OF PROPERTY | HUSBAND, WIFE, JOINT OR COMMUNITY | CURRENT MARKET VALUE OF DEBTOR'S INTEREST IN PROPERTY, WITH-OUT DEDUCTING ANY SECURED CLAIM OR EXEMPTION |
|---|---|---|---|---|
| 26. Office equipment, furnishings, and supplies. | X | | | |
| 27. Machinery, fixtures, equipment and supplies used in business. | X | | | |
| 28. Inventory. | X | | | |
| 29. Animals. | X | | | |
| 30. Crops - growing or harvested.  Give particulars. | X | | | |
| 31. Farming equipment and implements. | X | | | |
| 32. Farm supplies, chemicals, and feed. | X | | | |
| 33. Other personal property of any kind not already listed.  Itemize. | X | | | |

____2____  continuation sheets attached                    Total  ▸  **$  13,100.56**

(Include amounts from any continuation sheets attached. Report total also on Summary of Schedules.)

FORM B6C
(6/90)

In re  **Chester Lee Tapp, Sr.** _____ , **Case No.** _____

　　　　　　　　　　　　Debtor.　　　　　　　　　　　　　　　　　　　　　　**(If known)**

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor elects the exemption to which debtor is entitled under:

(Check one box)

☐ 11 U.S.C. § 522(b)(1)　　Exemptions provided in 11 U.S.C. § 522(d).　　**Note:  These exemptions are available only in certain states.**

☒ 11 U.S.C. § 522(b)(2)　　Exemptions available under applicable nonbankruptcy federal laws, state or local law where the debtor's domicile has been located for the 180 days immediately preceding the filing of the petition, or for a longer portion of the 180-day period than in any other place, and the debtor's interest as a tenant by the entirety or joint tenant to the extent the interest is exempt from process under applicable nonbankruptcy law.

| DESCRIPTION OF PROPERTY | SPECIFY LAW PROVIDING EACH EXEMPTION | VALUE OF CLAIMED EXEMPTION | CURRENT MARKET VALUE OF PROPERTY, WITHOUT DEDUCTING EXEMPTIONS |
|---|---|---|---|
| **1980 Chevy Pickup Purch 1/2000 for $500.00** | **ACM, C & JP § 11-504(b)(5)** | **500.00** | **500.00** |
| **1993 Lexus SC300 130,000 miles No liens** | **ACM, C & JP § 11-504(f)** | **3,200.00** | **3,200.00** |
| **8 suits, 15 shirts, 10 prs/pants, 5 sweaters, 10 prs/shoes, 3 coats** | **ACM, C & JP § 11-504(b)(4)** | **250.00** | **250.00** |
| **Bank of America Checking Account** | **ACM, C & JP § 11-504(b)(5)** | **2,000.00** | **2,000.00** |
| **Cash** | **ACM, C & JP § 11-504(b)(5)** | **100.00** | **100.00** |
| **LIVING ROOM - 1 couch, 2 chairs, 2 lamps, 1 stereo, 3 tables, 2 TV** **DINING ROOM - 1 table, 4 chairs** **KITCHEN - cooking & eating utencils** **BEDROOM - 1 bed, 1 ch/drwr, 1 lamp, 1 dresser** | **ACM, C & JP § 11-504(b)(4)** | **500.00** | **500.00** |
| **Projected Federal & MD tax refund based upon $1,700.00 received for 2004 tax year.** | **ACM, C & JP § 11-504(b)(5)** | **1,700.00** | **1,700.00** |
| **Univ of Md Retirement Debtor to retire 12/2005 $389/mo is projected benefit** | **Md. State Pers. & Pens. §21-502** | **4,850.56** | **4,850.56** |

FORM B6D
(12/03)

In re:   **Chester Lee Tapp, Sr.** _____ ,   Case No. _____
  Debtor                                                                              (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | 137,473.00 | 14,473.00 |
| **Alaska Seaboard, LLC Siskind, Grady, Rosen et al 2 Hopkins Plaza, #1100 Baltimore, MD 21201**<br><br>**SN Servicing Corporation 323 Fifth St. Eureka, CA 95501** | | | **Deed of Trust 2510 Druid Hill Baltimore, MD 21217 Investment property Property is boarded up and unoccupied.  The mortgage lender elected to sue on the note, obtaining a judgment on  8/20/02 for $86,813.69 plus interest and costs.**<br><br>**Tax Assessment value is $3,000.00. 10103 Prince Place, #304 Largo, MD 20774**<br><br>**One brdroom condo Purchased 11/13/98 for $53,000.00. Derron Tapp, son, added to title 1/13/2005.**<br><br>VALUE $123,000.00 | | | | | |
| ACCOUNT NO. | | | **12/18/1997** Deed of Trust 525 Robert Street Baltimore, MD 21217 Investment Property Structure was torn down by the city.<br><br>Tax assessment value is $1,000.00.<br><br>VALUE $1,000.00 | | | | 36,127.21 | 7,127.21 |
| **Dyck-O'Neal, Inc. 15301 Spectrum, #550 Addison, TX 75001**<br><br>**Dyck-O'Neal, Inc. Cohn, Goldberg et al 600 Baltimore, MD 21204** | | | | | | | | |
| ACCOUNT NO. | | | **12/18/1997** Deed of Trust 511 Robert Street Baltimore, MD 21217 Investment Property The structure was torn down by the city.<br><br>Tax assessment value is $1,000.00.<br><br>VALUE $1,000.00 | | | | 36,127.21 | 6,727.21 |
| **Dyck-O'Neal, Inc. 15301 Spectrum, #550 Addison, TX 75001**<br><br>**Dyck-O'Neal, Inc. Cohn, Goldberg et al 600 Baltimore Ave #208 Towson, MD 21204** | | | | | | | | |

2 Continuation sheets attached

|  |  |
|---|---|
| **Subtotal** ➤<br>(Total of this page) | **$209,727.42** |
| **Total** ➤<br>(Use only on last page) | |

(Report total also on Summary of Schedules)

FORM B6D
(12/03)

In re: __Chester Lee Tapp, Sr._____ ,    Case No. _____
             Debtor                                                                     (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| **ACCOUNT NO.** <br><br> **Dyck-O'Neal, Inc.** <br> **15301Spectrum, #550** <br> **Addison, TX 75001** <br><br><br> **Dyck-O'Neal, Inc.** <br> **Cohn, Goldberg et al** <br> **600Baltimore Ave #208** <br> **Towson, MD 21204** | | | **01/06/1998** <br> **Deed of Trust** <br> **504 Robert Street** <br> **Baltimore, MD 21217** <br> **Investment Property** <br> **The structure was torn down by the city.** <br><br> **Tax assessment value is $1,000.00.** <br> _____ <br> **VALUE $1,000.00** | | | | **32,071.50** | **571.50** |
| **ACCOUNT NO.** <br><br> **First National Bank Chi** <br> **5009 Jeremiah Dr.** <br> **Salt Lake City, UT 84118-7337** | | | **01/15/1998** <br> **Deed of Trust** <br> **504 Robert Street** <br> **Baltimore, MD 21217** <br> **Investment Property** <br> **The structure was torn down by the city.** <br><br> **Tax assessment value is $1,000.00.** <br> _____ <br> **VALUE $1,000.00** | | | | **32,071.50** | **571.50** |
| **ACCOUNT NO.**    **4338764846** <br> **National City Mortgage** <br> **P.O. Box 1820** <br> **Dayton, OH 45401** | | | **10/01/1998** <br> **Deed of Trust** <br> **10103 Prince Place, #304** <br> **Largo, MD 20774** <br><br> **One brdroom condo** <br> **Purchased 11/13/98 for $53,000.00.** <br> **Derron Tapp, son, added to title 1/13/2005.** <br> _____ <br> **VALUE $120,000.00** | | | | **49,473.00** | **0.00** |

Sheet no. _1_ of _2_ continuation sheets attached to Schedule of Creditors Holding Secured Claims

**Subtotal** ➤
(Total of this page)

**$113,616.00**

**Total** ➤
(Use only on last page)

(Report total also on Summary of Schedules)

FORM B6D
(12/03)

In re: **Chester Lee Tapp, Sr.** _____ , Case No. _____
              Debtor                                                              (If known)

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND MARKET VALUE OF PROPERTY SUBJECT TO LIEN | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. <br><br>**Southern Pacific Funding**<br>**1775 Woodside Rd.**<br>**Redwood City, CA 94061-3436** | | | **537 Robert Street**<br>**Baltimore, MD**<br>**Investment Property**<br>**The structure was torn down by the city. An order was entered on 3/30/2005 in favor of the City of Baltimore, foreclosing the right of redemption from a tax sale of the property.**<br><br>**The tax assessment value is $3,000.00.**<br>—————————<br>**VALUE $3,000.00** | | | | **29,000.00** | **26,000.00** |
| ACCOUNT NO. <br><br>**Southern Pacific Funding**<br>**1775 Woodside Rd.**<br>**Redwood City, CA 94010-3436** | | | **08/19/1999**<br>**527 Robert Street**<br>**Baltimore, MD**<br>**Investment Property**<br>**The structure was torn down by the city.**<br><br>**The tax assessment value is $1,000.00.**<br>—————————<br>**VALUE $1,000.00** | | | | **30,000.00** | **29,000.00** |

Sheet no. _2_ of _2_ continuation sheets attached to Schedule of Creditors Holding Secured Claims

          **Subtotal** ➢     **$59,000.00**
          (Total of this page)
          **Total** ➢     **$382,343.42**
          (Use only on last page)

(Report total also on Summary of Schedules)

Form B6E
(04/04)

In re  **Chester Lee Tapp, Sr.**                                                    Case No. _____
                    Debtor                                              ,                    (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

☑  Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS**      (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐  **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(2).

☐  **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $4,925* per person earned within 90 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(3).

☐  **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐  **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $4,925* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(5).

☐  **Deposits by individuals**

Claims of individuals up to $2,225* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided.  11 U.S.C. § 507(a)(6).

☐  **Alimony, Maintenance, or Support**

Claims of a spouse, former spouse, or child of the debtor for alimony, maintenance, or support, to the extent provided in 11 U.S.C. § 507(a)(7).

☐  **Taxes and Certain Other Debts Owed to Governmental Units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐  **Commitments to Maintain the Capital of an Insured Depository Institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution.  11 U.S.C. § 507(a)(9).

☐  **Other Priority Debts**

* Amounts are subject to adjustment on April 1, 2007, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

1  Continuation sheets attached

Form B6E - Cont.
(04/04)

In re   **Chester Lee Tapp, Sr.**                                    ,   Case No. _____
                    Debtor                                                                                      (If known)

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | | | | | | |

Sheet no. _1_ of _1_ sheets attached to Schedule of Creditors Holding Priority Claims

Subtotal ➢ | **$0.00**
(Total of this page)

**Total** ➢ | **$0.00**
**(Use only on last page of the completed Schedule E.)**
(Report total also on Summary of Schedules)

Form B6F (12/03)

In re  **Chester Lee Tapp, Sr.** _____ .   Case No. _____
           Debtor                                                                                              (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

☐   Check this box if debtor has no creditors holding unsecured nonpriority claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO.  **438864194707** <br> **Capital One Bank** <br> **P.O. Box 70884** <br> **Charlotte, NC 28274-0884** | | | **07/2001** <br> **Revolving Credit Account** | | | | **920.00** |
| ACCOUNT NO.  **486236148623** <br> **Capital One Bank** <br> **P.O. Box 70884** <br> **Charlotte, NC 28272-0884** | | | **07/1998** <br> **Revolving Credit Account** | | | | **1,258.00** |
| ACCOUNT NO.  **7800004701** <br> **DONI** <br> **5025 Arapoho Ste 248** <br> **Dallas, TX 75248** | | | **03/1999** <br> **Investment Property** | | | | **29,217.00** |
| ACCOUNT NO.  **7800004501** <br> **DONI** <br> **5025 Arapaho Ste 248** <br> **Dallas, TX 75248** | | | **03/1999** <br> **Investment Property** | | | | **29,217.00** |
| ACCOUNT NO.  **7800004401** <br> **DONI** <br> **5025 Arapaho Ste. 248** <br> **Dallas, TX 75248** | | | **03/1999** <br> **Investment property** | | | | **31,328.00** |

<u>1</u>  Continuation sheets attached

Subtotal    ➤

Total    ➤

|  |
|---|
| **$91,940.00** |

Form B6F - Cont.
(12/03)

In re  **Chester Lee Tapp, Sr.**                                                                    .    Case No.
                              Debtor                                                                                      (If known)

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

**(Continuation Sheet)**

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions, above.) | CODEBTOR | HUSBAND, WIFE, JOINT OR COMMUNITY | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| ACCOUNT NO. | | | 03/03/2005 | | | | 111,055.92 |
| **Dyck-O'Neal, Inc.** **Cohn, Goldberg & Deutsch** **600 BaltimoreAve., #208** **Towson, MD 21204** **Dyck-O'Neal, Inc.** **15301 Spectrum, #550** **Addison, TX 75001** | | | **Investment property deficiency balance.** **Judgment entered 3/3/2005 in case no.** **24-C-04-008047.  Circuit Court for** **Baltimore City.** **525 Robert Street** **511 Roberts Street** **504 Roberts Street** | | | | |

Sheet no.  1  of  1  continuation sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal ➤ | **$111,055.92**
(Total of this page)

Total ➤ | **$202,995.92**
**(Use only on last page of the completed Schedule F.)**

(Report also on Summary of Schedules)

Form B6G
(10/89)

In re:  **Chester Lee Tapp, Sr.**                                                ,    Case No. _____

　　　　　　　　　**Debtor**                                                                    **(If known)**

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

☑  Check this box if debtor has no executory contracts or unexpired leases.

| NAME AND MAILING ADDRESS, INCLUDING ZIP CODE, OF OTHER PARTIES TO LEASE OR CONTRACT. | DESCRIPTION OF CONTRACT OR LEASE AND NATURE OF DEBTOR'S INTEREST, STATE WHETHER LEASE IS FOR NONRESIDENTIAL REAL PROPERTY.  STATE CONTRACT NUMBER OF ANY GOVERNMENT CONTRACT. |
|---|---|
|  |  |

B6H
(6/90)

In re: **Chester Lee Tapp, Sr.** _____, Case No. _____
　　　　　　　　**Debtor**　　　　　　　　　　　　　　　　　　　　　　　　　　　　**(If known)**

# SCHEDULE H - CODEBTORS

☑ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|

Form B6I
(12/03)

In re  **Chester Lee Tapp, Sr.**                                    ,  **Case No.**  _____
                          Debtor                                                                    **(If known)**

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

| Debtor's Marital Status:  **Widowed** | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| | RELATIONSHIP | AGE |
| | | |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Truck Driver** | |
| Name of Employer | **Univ. of MD College Park** | |
| How long employed | **11/1993 to present** | |
| Address of Employer | | |

**Income:** (Estimate of average monthly income)

| | DEBTOR | SPOUSE |
|---|---|---|
| Current monthly gross wages, salary, and commissions (pro rate if not paid monthly.) | $ **2,804.56** | $ _____ |
| Estimated monthly overtime | $ **0.00** | $ _____ |
| SUBTOTAL | $ **2,804.56** | $ _____ |
| LESS PAYROLL DEDUCTIONS | | |
| a. Payroll taxes and social security | $ **0.00** | $ _____ |
| b. Insurance | $ **0.00** | $ _____ |
| c. Union dues | $ **0.00** | $ _____ |
| d. Other (Specify)  **20 - Pay Parking** | $ **34.02** | $ _____ |
| **AFSCME Dues** | $ **25.65** | $ _____ |
| **BC BS PPO** | $ **89.57** | $ _____ |
| **Fedral Tax** | $ **285.03** | $ _____ |
| **FICA/MED** | $ **202.15** | $ _____ |
| **Pharmacy Plan** | $ **38.31** | $ _____ |
| **St. Emp Pen-Mod** | $ **56.25** | $ _____ |
| **State Tax** | $ **180.92** | $ _____ |
| SUBTOTAL OF PAYROLL DEDUCTIONS | $ **911.90** | $ _____ |
| TOTAL NET MONTHLY TAKE HOME PAY | $ **1,892.66** | $ _____ |
| Regular income from operation of business or profession or farm (attach detailed statement) | $ **0.00** | $ _____ |
| Income from real property | $ **0.00** | $ _____ |
| Interest and dividends | $ **0.00** | $ _____ |
| Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above. | $ **0.00** | $ _____ |
| Social security or other government assistance (Specify) | $ **1,100.00** | $ _____ |
| Pension or retirement income | $ **0.00** | $ _____ |
| Other monthly income (Specify) | $ **0.00** | $ _____ |

Form B6I
(12/03)

**In re**  **Chester Lee Tapp, Sr.** _____,  **Case No.** _____

Debtor  (If known)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

TOTAL MONTHLY INCOME                                    $ _____**2,992.66**___ $ _____

TOTAL COMBINED MONTHLY INCOME    _____**$ 2,992.66**_____    (Report also on Summary of Schedules)

Describe any increase or decrease of more than 10% in any of the above categories anticipated to occur within the year following the filing of this document:

> **Debtor, age 72, is scheduled to retire in December, 2005, which will reduce his income by $1,892.66/mo. Debtor will then begin receiving a pension benefit of $389.00/mo.**

Form B6J
(6/90)

In re **Chester Lee Tapp, Sr.**                                                                  ,        Case No.
          Debtor                                                                                                        (If known)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

☐    Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate
       schedule of expenditures labeled "Spouse".

| | | |
|---|---|---:|
| Rent or home mortgage payment (include lot rented for mobile home) | $ | 413.00 |
| Are real estate taxes included?              Yes _____     No ✓ | | |
| Is property insurance included?              Yes _____     No ✓ | | |
| Utilities     Electricity and heating fuel | $ | 0.00 |
|               Water and sewer | $ | 0.00 |
|               Telephone | $ | 60.00 |
|    Other     **Cable TV** | $ | 90.00 |
|               **Tree Top Condo Fee** | $ | 275.00 |
| Home maintenance (repairs and upkeep) | $ | 10.00 |
| Food | $ | 300.00 |
| Clothing | $ | 100.00 |
| Laundry and dry cleaning | $ | 35.00 |
| Medical and dental expenses | $ | 235.00 |
| Transportation (not including car payments) | $ | 150.00 |
| Recreation, clubs and entertainment, newspapers, magazines, etc. | $ | 100.00 |
| Charitable contributions | $ | 600.00 |
| Insurance (not deducted from wages or included in home mortgage payments) | | |
|               Homeowner's or renter's | $ | 0.00 |
|               Life | $ | 100.00 |
|               Health | $ | 0.00 |
|               Auto | $ | 60.00 |
|               Other | $ | 0.00 |
| Taxes (not deducted from wages or included in home mortgage payments) | | |
| (Specify)     **Property Tax** | $ | 34.32 |
| Installment payments: (In chapter 12 and 13 cases, do not list payments to be included in the plan) | | |
|               Auto | $ | 0.00 |
|               Other | $ | 0.00 |
| Alimony, maintenance or support paid to others | $ | 0.00 |
| Payments for support of additional dependents not living at your home | $ | 0.00 |
| Regular expenses from operation of business, profession, or farm (attach detailed statement) | $ | 0.00 |
| Other     **Barber** | $ | 20.00 |
|               **Personal Hygiene** | $ | 50.00 |

| | | |
|---|---|---:|
| TOTAL MONTHLY EXPENSES (Report also on Summary of Schedules) | $ | 2,632.32 |

[FOR CHAPTER 12 AND 13 DEBTORS ONLY]

Provide the information requested below, including whether plan payments are to be made bi-weekly, monthly, annually, or at
some other regular interval.

| | | |
|---|---|---|
| A. Total projected monthly income | $ | _____ |
| B. Total projected monthly expenses | $ | _____ |
| C. Excess income (A minus B) | $ | _____ |
| D. Total amount to be paid into plan each _____ | $ | _____ |
| | (interval) | |

Official Form 6 - Cont .
(12/03)

In re: <u>**Chester Lee Tapp, Sr.**</u>                                    ,    Case No. _____
           **Debtor**                                                                              **(If known)**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of _____**19**_____
                                                                                                           (Total shown on summary page plus 1.)

sheets plus the summary page, and that they are true and correct to the best of my knowledge, information, and belief.


Date:  <u>**10/14/2005**</u>                          Signature:  <u>**s/ Chester Lee Tapp, Sr.**</u>
                                                                               **Chester Lee Tapp, Sr.**

                                                              [If joint case, both spouses must sign]

## DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

(NOT  APPLICABLE)

---

Penalty for making a false statement or concealing property. Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C §§ 152 and 3571.

Form 7
(12/03)

## UNITED STATES BANKRUPTCY COURT
### District of Maryland

In re:  **Chester Lee Tapp, Sr.**          Case No. _____
**1038**                                   Chapter    **7**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor.  Spouses filing a joint petition may file a single statement on which the information for both spouses is combined.  If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.  An individual debtor engaged in business as a sole proprietor, partner, family farmer, self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs.

Questions 1 - 18 are to be completed by all debtors.  Debtors that are or have been in business, as defined below, also must complete Questions 19 -25.  **If the answer to an applicable question is "None," mark the box labeled "None"**   If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS
*"In business."*  A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership.  An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within the two years immediately preceding the filing of this bankruptcy case, any of the following:  an officer, director, managing executive, or person in control of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed.

*"Insider."*  The term "insider" includes but is not limited to:  relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any person in control of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor.  11 U.S.C.  § 101(30).

---

### 1.  Income from employment or operation of business

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business from the beginning of this calendar year to the date this case was commenced.  State also the gross amounts received during the **two years** immediately preceding this calendar year.  (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.)  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|
| **39,000.00** | **University of MD** | **2003** |
| **40,000.00** | **University of MD** | **2004** |
| **33,000.00** | **University of MD** | **2005** |

### 2.  Income other than from employment or operation of business

None
☑

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case.  Give particulars.  If a joint petition is filed, state income for each spouse separately.  (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE | FISCAL YEAR PERIOD |
|---|---|---|

### 3.   Payments to creditors

None
☐

a.   List all payments on loans, installment purchases of goods or services, and other debts, aggregating more than $600 to any creditor, made within **90 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| **Alaska Seaboard**<br>**Siskind, Grady et al**<br>**2 Hopkins Plaza, #1100**<br>**Baltimore, MD 21201** | **Garnishment of debtor's pay, deducted bi-weekly @ $221/pay period. Garnishment began in 2004. Judgment is for deficiency balance remaining after foreclosure of Baltimore property.** | | **80,000.00** |
| **National City Mortgage**<br>**P.O. Box 1820**<br>**Dayton, OH 45401** | **Monthly mortgage payments** | **413.00** | **49,473.00** |

b.   List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders.  (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

### 4.   Suits and administrative proceedings, executions, garnishments and attachments

None
☐

a.   List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Maryland and City Council of Baltimore v. Chester L. Tapp, Sr.**<br>  **24-C-03-009608** | **Tax sale foreclosure of right of redemption for 537 Robert St., Baltimore, MD** | **Circuit Court for Baltimore City** | **Judgment pending** |
| **Mayor and City COuncil of Baltimore v. Chester L. Tapp, Sr.**<br>  **24-C-04-006927** | **Tax sale foreclosure of right of redemption for 527 Robert Street, Baltimore, MD.** | **Circuit Court for Baltimore City** | **Judgment 3/30/2005** |

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Mayor and City Council of Baltimore v. Chester L. Tapp, Sr. 24-C-04-6734** | **Tax sale foreclosure of right of redemption for 504 Robert Street, Baltimore, MD** | **Circuit Court for Baltimore City** | **Judgment** |
| **Dyck-O'Neal v. Chester L.Tapp, Sr. 24-C-04-008047** | **Civil Debt action for deficiency from foreclosure sale of investment property.** | **Circuit Court for Baltimore City** | **Judgment $111,055.92** |
| **Mayor and City Council of Baltimore v. Chester L. Tapp, Sr. 24-C-03-009608** | **Tax sale foreclosure of right of redemption for 537 Robert Street, Baltimore, MD** | **Circuit Court for Baltimore City** | **Judgment** |

b.   Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 5.   Repossessions, foreclosures and returns

None
☑

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

## 6.   Assignments and receiverships

None
☑

a.   Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

b.   List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

None
☑

| NAME AND ADDRESS OF CUSTODIAN | NAME AND ADDRESS OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- | --- |

## 7.  Gifts

None
☑

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient.  (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
| --- | --- | --- | --- |

## 8.  Losses

None
☑

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**.  (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
| --- | --- | --- |

## 9.  Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
| --- | --- | --- |
| **Gregory P. Johnson, Esq. Orem & Johnson, LLC 7237 Hanover Parkway, #C Greenbelt, MD 20770** | **10/13/2005** | **$1,500.00 - Legal $  209.00 - Filing Fee** |

## 10.  Other transfers

None
☑

a.  List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **one year** immediately preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
| --- | --- | --- |

## 11.  Closed financial accounts

None
☑

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case.  Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
| --- | --- | --- |

## 12.  Safe deposit boxes

None
☑

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

## 13.  Setoffs

None
☑

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case.  (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

## 14.  Property held for another person

None
☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

## 15.  Prior address of debtor

None
☑

If the debtor has moved within the **two years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case.  If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

## 16.  Spouses and Former Spouses

None
☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the **six-year period** immediately preceding the commencement of the case, identify the name of the debtor 's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

## 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

a.    List  the name  and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

b.    List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

None
☑

| SITE NAME AND ADDRESS | NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

c.    List all  judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party.  Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

None
☑

| NAME  AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

## 18.  Nature, location and name of business

None
☑

a.      If the debtor is an individual, list the names, addresses,  taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partnership, sole proprietorship, or was a self-employed professional within the **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the  commencement of this case.

If the debtor is a partnership, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses,  taxpayer identification numbers, nature of the business, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within the **six years** immediately preceding the commencement of this case.

| NAME | TAXPAYER I.D. NUMBER | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|----------------------|---------|--------------------|----------------------------|

b.      Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

None
☑

| NAME | ADDRESS |
|------|---------|

* * * * * *

*[if completed by an individual or individual and spouse]*
I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date  **10/14/2005**

Signature of Debtor  **s/ Chester Lee Tapp, Sr.**
**Chester Lee Tapp, Sr.**

## UNITED STATES BANKRUPTCY COURT
## District of Maryland

In re:     **Chester Lee Tapp, Sr.**                    Case No. _____

**1038**                                      Chapter     **7**

# VERIFICATION OF CREDITOR MATRIX

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors,  consisting of **2** sheet(s) is complete, correct and consistent with the debtor's schedules pursuant to Local Bankruptcy Rules and I/we assume all responsibility for errors and omissions.

Dated:     **10/14/2005** _____                Signed:     **s/ Chester Lee Tapp, Sr.** _____

                                              **Chester Lee Tapp, Sr.**

Signed:     **/s/ Gregory P. Johnson** _____

          **Gregory P. Johnson, Esquire**

          Bar No.          **097497**